Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| KENDALL HOPE TUCKER<br><br>Recurrida<br><br>v.<br><br>MONEY GROUP, LLC<br>Y OTROS<br><br>Peticionarios | KLCE202400499 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Sobre:<br>Ley 100 de 1959, Incumplimiento de Contrato, Daños Contractuales, Ley 80 de 1976, Ley 115 de 1991 (Represalias)<br><br>Caso Número:<br>SJ2022CV10048 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 8 de mayo de 2024.

La parte peticionaria, Money Group, LLC y los señores Gregory Powel e Ian Robertson, comparecen ante nos para que dejemos sin efecto la determinación emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 30 de noviembre de 2023, debidamente notificada el 1 de diciembre de 2023. Mediante la misma, el foro primario declaró *No Ha Lugar* una *Comparecencia Especial para Compeler Arbitraje y Solicitud de Desestimación Sumaria* presentada por la parte peticionaria. Ello, dentro de un pleito sobre incumplimiento de contrato y daños y perjuicios, a tenor con las disposiciones de la Ley de Indemnización por Despido Sin Justa Causa, Ley Núm. 80 de 30 de mayo de 1976, 29 LPRA sec. 185(a) *et seq.,* la Ley Contra el Discrimen en el Empleo, Ley Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 146, *et seq.,* y Ley de Represalias contra el Empleado, Ley Núm. 115 de 1991, según enmendada, 29 LPRA § 194, *et seq.*, promovido por la aquí

recurrida, señora Kendall Hope Tucker. La parte peticionaria solicitó, junto a su petición de *certiorari*, la paralización de los procedimientos en auxilio de nuestra jurisdicción.

Por los fundamentos que expondremos a continuación, se deniegan, tanto la solicitud de paralización de los procedimientos, como el auto de *certiorari*.

**I**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera, et al. v. Arcos Dorados, et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

    A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

**II**

Amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. El expediente ante nuestra consideración no evidencia falta alguna atribuible al tribunal primario en la ejecución de sus funciones adjudicativas, de modo que resulte meritorio imponernos sobre lo resuelto en esta etapa de los procedimientos. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado. De igual modo, se deniega la *Moción en Auxilio de Jurisdicción y Solicitud de Expedición de Auto de Certiorari.*

**III**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado y se declara *No Ha Lugar* la moción en auxilio de nuestra jurisdicción.

**Notifíquese inmediatamente a todas las partes, al Tribunal de Primera Instancia, y a la Hon. Juez Katyana Farokhzadeh López.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones